# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| Scott Huminski, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | |
| Rutland City Police | ) | DOCKET NO. 1:99-cv-160 |
| Department, et al., | ) | |
| Defendants. | ) | |

## MOTION BY PLAINTIFF SCOTT HUMINSKI
## FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure,

Scott Huminski, plaintiff, by and through his counsel, respectfully moves this Court

for a preliminary injunction prohibiting defendants from enforcing any Notice of

Trespass cited in plaintiff's complaint, including the notices of trespass dated

May 24, 1999, May 27, 1999, or any such future trespass notices until the Court

renders a decision based on the merits of this case.  A Consolidated Memorandum of

Law Supporting Plaintiff's Constitutional Claims ("Memorandum") is being filed

concurrently with this motion.  A proposed preliminary injunction order is attached

hereto.

In the Second Circuit, a preliminary injunction may be granted when

the party seeking the injunction establishes that:

> (1)  absent injunctive relief, the movant will suffer
> irreparable harm, and
>
> (2) either (a) the movant is likely to succeed on
> the merits, or (b) there are sufficiently serious

> questions going to the merits to make them a fair
> ground for litigation, and the balance of the hard-
> ships tips decidedly in favor of the moving party. 1/

While Huminski need satisfy only the first element and *either* prong of the second

element as set forth above, Huminski here satisfies all three of the listed criteria.

### (1)  Irreparable Harm

In the context of a preliminary injunction motion, "[v]iolations of First

Amendment rights are commonly considered irreparable injuries." *Huminski v.*

*Rutland City Police Dept.*, 221 F.3d 357,360 (2d Cir. 2000) (quoting *Bery v. City of*

*New York*, 97 F.3d 689, 693 (2d Cir. 1996), and citing *LeBlanc-Sternberg v. Fletcher*,

67 F.3d 412, 426 (2d Cir. 1995) ("the loss of First Amendment freedoms, even for

minimal periods of time, constitutes irreparable injury")).  More importantly, the

court noted that, under the facts set forth in the present Complaint, "irreparable

injury" is "presumable." *Id.*  As Plaintiff asserts significant and wholesale viola-

tions of his First Amendment rights, the showing of irreparable harm is satisfied.

### (2) (a)  Likelihood of Success on the Merits

As set forth in the Memorandum, Huminski satisfies this element as

well.  The rights violated by the defendants are well-established constitutional

rights that deserve First Amendment protection.  Memorandum at 8-18.  The

actions by the defendants in this case were plainly overbroad and abrogated Humin-

ski's ability to criticize public officials, to speak in the vicinity of a courthouse and to

---

1/    *See Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000);  *Charette v. Town of*
*Oyster Bay*, 159 F.3d 749, 754 (2d Cir. 1998);  *Buffalo Forge Co. v. Ampco-Pittsburgh*
*Corp.*, 638 F.2d 568 (2d Cir. 1981).

attend judicial proceedings.  Moreover, the Second Circuit, in finding that the allegations in Huminski's Complaint may give rise to a presumption of irreparable harm, all but ratified the meritoriousness of Huminski's constitutional claims.

### (2) (b)  Serious Questions Going to the Merits/Balance of Hardships

The harm that Huminski has suffered, continues to suffer and would suffer from the denial of this motion, *i.e.*, continued restriction of constitutionally protected expression, is much greater than any alleged harm the defendants would suffer if the motion was granted.  Indeed, Huminski has never engaged, nor has he been accused of engaging, in any form of violent or disruptive conduct, loud or boisterous behavior, public nuisance, obscene or vulgar expression, "fighting words," or any other conduct tending in any way to interfere with the business of the Rutland District Court. Thus, while the harm to Huminski is significant, the potential harm to defendants is nonexistent.  In addition, the claims raised by the plaintiff involve serious questions of constitutional law, and the plaintiff is prepared to come forward with sufficient preliminary proof to warrant the issuance of a preliminary injunction.

WHEREFORE, Scott Huminski respectfully requests that this Court enter his order granting a preliminary injunction.

Date: February 2, 2001

Respectfully Submitted,

HOGAN & HARTSON, L.L.P.

By: _____

Robert Corn-Revere, Esq.
Ronnie London, Esq.
Scott Shail, Esq.
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Tel. 202/637-5600
Fax: 202/637-5910

Ronald Collins, Esq.
1875 Connecticut Avenue, NW
Suite 300
Washington, DC  20009
(202) 332-9110

By: _____

W.E. Kraham, Esq.
67 Main Street, Suite 12
Brattleboro, Vt. 05301-3908
Tel. 802/257-5060

Attorneys for Scott Huminski

4

# UNITED STATES DISTRICT COURT
# DISTRICT OF VERMONT

| | | |
|---|---|---|
| Scott Huminski, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | |
| Rutland City Police | ) | DOCKET NO. 1:99-cv-160 |
| Department, et al., | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION BY PLAINTIFF
## SCOTT HUMINSKI FOR PRELIMINARY INJUNCTION

Upon consideration of the Motion For Preliminary Injunction ("Motion") filed herein by Scott Huminski, plaintiff, and any opposition thereto, and it appearing to the Court that good reason exists to grant the Motion, it is this ___ day of _____, 2001, by the United States District Court for the District of Vermont:

ORDERED, that the Motion is hereby granted; and it is further

ORDERED, that Scott Huminski, the plaintiff in this action, is authorized to enter upon any and all State property; and it is further

ORDERED, that all named defendants must refrain from executing and enforcing any notice against trespass against plaintiff for exercising his right to report on and criticize public officials in the state courts of Vermont, including the Notice Against Trespass dated May 24, 1999, the Notice Against Trespass dated May 27, 1999, or any future such trespass notices, until the Court renders a decision on the merits of the case.

Date:_____          _____
                                        United States District Court Judge

Copies to:

Robert Corn-Revere, Esq.
Ronald London, Esq.
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004

Ronald Collins, Esq.
1875 Connecticut Avenue, NW
Suite 300
Washington, DC  20009
(202) 332-9110

W.E. Kraham, Esq.
67 Main Street, Suite 12
Brattleboro, Vt. 05301

Nancy G. Sheahan, Esq.
McNeil, Leddy & Sheahan
271 South Union Street
Burlington, Vt. 05401

Joseph L. Winn, Esq.
Vermont Attorney General's Office
109 State Street
Montpelier, Vt. 05609

Pietro J. Lynn, Esq.
Heather E. Thomas, Esq.
Dinse, Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, Vt. 05402

Peter W. Hall, Esq.
Reiber, Kenlan, Schwiebert, Hall & Facey, P.C.
71 Allen Street
Rutland, Vt. 05702

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February, 2001, copies of the foregoing Motion for Preliminary Injunction were mailed, first class postage prepaid, to:

Nancy G. Sheahan, Esq.
McNeil, Leddy & Sheahan
271 South Union Street
Burlington, Vt. 05401

Joseph L. Winn, Esq.
Vermont Attorney General's Office
109 State Street
Montpelier, Vt. 05609

Pietro J. Lynn, Esq.
Heather E. Thomas, Esq.
Dinse, Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, Vt. 05402

Peter W. Hall, Esq.
Reiber, Kenlan, Schwiebert, Hall & Facey, P.C.
71 Allen Street
Rutland, Vt. 05702

Ronald G. London, Esq.
HOGAN & HARTSON, L.L.P.