UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2001 FEB 23 A 9: 11
CLERK
BY
DEPUTY CLERK

Scott Huminski,
Plaintiff,

-V-

Rutland County, and
Rutland County Sheriff's Dept., and
Deputy Sheriff R.J. Elrick, and
Judge Nancy Corsones, and
Judge M. Patricia Zimmerman, and
Karen Predom, and
Rutland District Court,
Defendants.

CASE NO. 1:99-CV-160

**SECOND AMENDED VERIFIED COMPLAINT for INJUNCTIVE and OTHER RELIEF**

NOW COMES Plaintiff Scott Huminski (the "Plaintiff") and, under oath, hereby complains, deposes and swears as follows:

1) Plaintiff Scott Huminski has been a resident of Bennington, Vermont for the past 8 years.

2) Rutland District Court, Rutland, Vermont is a State District Court and is a Defendant herein.

3) Karen Predom is the clerk of Rutland District Court and is a Defendant herein.

4) Rutland County, a Defendant herein ("Rutland County"), as one of the counties in Vermont under Vt. St. Ann. tit. 24, § 1, encompasses the City of Rutland ("City of Rutland"), and is located in the State of Vermont. At all times hereinafter mentioned, Rutland County, its agents, servants and employees operated, main-

tained and controlled the Rutland County Sheriff's Department, including all the employees thereof.

5) The Rutland County Sheriff's Department (the "Sheriff's Department"), a Defendant herein, is the Sheriff's department for Rutland County, Vermont.

6) The Honorable Judge Nancy Corsones is a District Court Judge in the State of Vermont and is a Defendant herein in both her individual and official capacities.

7) The Honorable Judge M. Patricia Zimmerman is a State Judge primarily assigned to Rutland County and is a Defendant herein in both her individual and official capacities.

8) Rutland County Deputy Sheriff R. J. Elrick is a Defendant herein in both his individual and official capacities.

9) This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

10) Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

11) At all times material herein, the Rutland District Court, Karen Predom, Rutland County, the Rutland County Sheriff's Dept., Hon. Judge Nancy Corsones, Hon. Judge M. Patricia Zimmerman, Sheriff R.J. Elrick (collectively the "Defendants") took actions under color of state law to violate, subvert, oppress and deny Scott Huminski's right to free expression as guaranteed by the Constitutions of Vermont and the United States of America.

12)     At all times material herein Defendants' conduct was in the course and scope of their employment with their respective employers.

13)     This action is brought jointly and severally against the Defendants in both their individual and official capacities.

14)     Huminski is a citizen-reporter who, for the last several years, has attended law enforcement proceedings in Vermont, focusing particularly on judicial proceedings.  During this time, Huminski has peacefully collected information, publishing his findings on signs posted around his home in Bennington, Vermont, and on placards posted on his van, authored complaints and correspondence to the Vermont Professional Conduct and Judicial Conduct Boards, and distributed information on law enforcement proceedings to attorneys and government officials. These findings often consist of reports of judicial and attorney misconduct occurring in the course of open proceedings which Huminski has attended.

15)     At 7:30 a.m. of the morning of May 24, 1999, Plaintiff parked his van in the public parking area provided at the Rutland District Court on State Street in Rutland, Vermont.  Displayed on Huminski's van were 3 large posters measuring 45 inches by 54 inches alleging the Judge Corsones's subversion of the constitution through her actions in a Bennington District Court matter in 1998.  Most notable was the large headline stating, "JUDGE CORSONES:  BUTCHER OF THE CONSTITUTION."  The sign listed five reasons why Huminski believed some of Judge Corsones' rulings were unconstitutional, while the other signs contained additional observations about court proceedings.

16) The parking lot of the Rutland County District Court is a public forum. For example, assistant judges of county courts in Vermont, whose duties include "the care and superintendence of county property" are elected by popular vote, and other vehicles in the courthouse parking lot have various forms of "pro-judge" expression in the form of bumper stickers, vanity license plates or other content-bearing "signage." In addition, the sidewalks and public thoroughfares on court grounds are public fora.

17) At approximately 8:00 a.m. Deputies with the Rutland County Sheriff's Department and courthouse personnel approached the van and told Huminski to take down the signs from the van or move it off the property. There ensued a peaceful discussion with the officers, during which Huminski replied that he was going to attend court and that the signs contained expression protected by the Vermont and United States Constitutions. At no time did Huminski engage in any activities – while either outside or inside the courthouse – that might be characterized as disruptive.

18) At approximately 9:00 a.m. Huminski entered the courthouse to observe the court proceedings of that day.

19) At approximately 9:30 a.m. a Rutland City police officer and representatives from the Rutland County Sheriff's Department approached Huminski in the hallway of Rutland District Court and asked him to come into a conference room with them and they served him with two notices against trespass and told him to leave the property. True and correct copies of these notices are attached hereto as Exhibit "A".

20)     At all times material herein Defendants' conduct towards Scott Huminski was perpetrated with the intent of causing injury or damage to Scott Huminski and subverting his right to free expression and to attend court proceedings that are open to the public.

21)     On May 24, 1999 the Plaintiff had not engaged in any form of violent or disruptive conduct, loud or boisterous behavior, public nuisance, picketing, obscene or vulgar expression, commercial expression, "fighting words," or conduct tending in any way to interfere with the business of the Rutland District Court. Defendants' sole purpose behind their aforementioned outrageous conduct was to chill and destroy Huminski's First Amendment expression through malicious, corrupt, illegal and improper use of Vermont criminal statutes.

22)     Scott Huminski lives in fear of retaliation to this day and will continue to fear retaliation for his engaging in protected expression.  On or about 5/26/99 Scott Huminski taped a telephone conversation with a Vermont State Police officer assigned to the Rutland County State's Attorneys Office in which the officer stated that Scott Huminski would be arrested for trespass regardless and in spite of his First Amendment rights if he disobeyed a Notice Against Trespass order for Rutland District Court.  Excerpts from the conversation are as follows:

> Huminski:  Where does the First Amendment come into play there? That means anybody that expresses a point of view that somebody doesn't want to hear, they just issue a no trespass order and the First Amendments out the door.
>
> Officer:  Yeah, they can do that.
>
> Officer:  If you go back on the property to do whatever.

Huminski: Right.

Officer: Then, yeah, you will be arrested.

Huminski: Regardless of my protection by the constitution?

Officer Regardless.

Huminski: Nobody can protest in Vermont if anybody in the government doesn't like what they're saying.

Officer: Obviously.

23) This dialog throughout the conversation indicated that State employees will not hesitate to violate, oppress and deny constitutional rights of citizens engaging in protected expression on public property.

24) On or about May 27, 1999, a judge of the Rultand District Court issued an Entry Regarding Motion concerning the Notice Against Trespass dated May 24, 1999. A true and correct copy of this Entry Regarding Motion is attached hereto as Exhibit "B".

25) On the same day on which Exhibit "B" was issued stating "It is this court's understanding that the notice against trespass to which petitioner refers in a related motion (motion to vacate notice against trespass) has been withdrawn," Judge M. Patricia Zimmerman and Sheriff R.J. Elrick issued a second notice against trespass dated May 27, 1999. A true and correct copy of the second Notice Against Trespass is attached hereto as Exhibit "C".

26) Judge Zimmerman and Sheriff Elrick issued the May 27, 1999, trespass notice even though Plaintiff was not at or near the Rutland County Courthouse or its grounds on that date.

27)     Not only does the May 27, 1999, trespass notice forbid under penalty of criminal arrest the Plaintiff from entering any public state courthouse in Vermont, it also threatens criminal trespass charges for the Plaintiff's lawful use of State facilities located in Bennington, Vermont including the Department of Motor Vehicles, the Department of Employment and Training, the Department of Social Welfare, the Department of Health, etc., it prevents the Plaintiff from trespassing on "All lands and property under the control of the Supreme Court and the Commissioner of Buildings and General Services, parking areas, and lands."  The Plaintiff was served with Exhibit "C" on June 1, 1999.

28)     Defendants issued trespass notices on May 24, 1999 because Plaintiff's signs in the Rutland County Courthouse parking lot were critical of a judge presiding that day in that court.  Along with the trespass notice issued on May 27, 1999, defendants' actions have had the following effects:  (i) upon threat of arrest, Plaintiff was compelled to leave the Rutland County Courthouse immediately and to cease attending judicial proceedings about which he planned to issue public reports; (ii) Plaintiff was compelled immediately to remove his signs containing political commentary from the Rutland County Courthouse parking lot;  (iii) Plaintiff was precluded from reentering the Rutland County Court or its grounds, including the parking lot, sidewalks, and public thoroughfares for the purpose of engaging in political commentary;  (iv) Plaintiff was precluded from reentering the Rutland County Courthouse to attend judicial proceedings for any purpose, including the gathering of information for future public reports;  (v)  Plaintiff was precluded from entering all other courts under the jurisdiction of the Vermont Supreme Court or

their grounds, including the parking lots, sidewalks, and public thoroughfares for the purpose of engaging in political commentary; (vi) Plaintiff was precluded from entering from all other courts under the jurisdiction of the Vermont Supreme Court to attend judicial proceedings or for any purpose, including the gathering of information for future public reports; and (v) Plaintiff was required to seek advance permission by leave of court, on a case-by-case basis, to enter Vermont courthouses to attend judicial proceedings in which he is a litigant.

29) Huminski's efforts to vindicate and enforce his constitutional rights and other issues arising out of issuance of the trespass notices in state court have been rebuffed. Attached hereto as Exhibit "D" is a true and correct copy of an Entry Regarding Motion dated 6/29/99 stating,

> "As pointed out in the ruling of 6/3 on petitioner's motion to reconsider, the District Court is a Court of limited jurisdiction and cannot convene a "special proceeding" to determine these issues. Also, the Rutland District Court appears to be the respondent. Thus Mr. Huminski must pursue his claims in another forum that has jurisdiction."

30) Defendants engaged in a course of conduct under color of state law to deny Scott Huminski the right to freely travel and observe court proceedings at a public courthouse, petition the government, redress grievances and to engage in protected expression.

31) As a direct result of Defendants' conduct as herein described, a custom, policy, or procedure has developed by the Defendants whereby it has become accepted practice to retaliate against the Plaintiff for his engaging in protected First Amendment activities by banning him with threats of arrest from public courthouses. The practice of the Defendants' retaliation against Huminski for

engaging in protected First Amendment activities has a chilling effect on such expression by Huminski in direct violation of the First Amendment to the United States Constitution and Chapt. 1 Art. 13 of the Vermont Constitution.

32)   The violation of the Huminski's constitutional rights as protected under the First and Fourteenth Amendments to the United States Constitution is sufficiently oppressive that Huminski is confident in the belief that he will be subjected to future deprivation of his civil rights as protected by the Vermont and United States Constitutions.

33)   As a direct result of Defendants' conduct as herein described, a custom, policy or procedure has been authorized by the Defendants whereby it has accepted the practice of the Defendants to carry out summary punishment against Scott Huminski unrelated to any belief or suspicion that Scott Huminski had committed any violation of the Crimes Codes of Vermont.  These practices include subjecting Scott Huminski to oppression, harassment and extortionate use of Vermont crime statutes to violate civil rights by Defendants.

34)   The act of subjecting Scott Huminski to summary punishment based on his protected expression is a violation of the due process clause of the Fourteenth Amendment to the United States Constitution and the Vermont Constitution.

35)   Scott Huminski lives in fear of wrongful arrest and the threats from the Defendants and believes he indeed will be arrested for engaging in protected activities.  These threats and other outrageous conduct of the Defendants has had a chilling effect on protected First Amendment expression by Huminski.

36)    The aforementioned acts of Defendants violate Plaintiff's rights as guaranteed to him under the First and Fourteenth Amendments to the United States Constitution.

37)    Plaintiff has a reasonable fear that he will continue to be subjected to Defendants' unlawful and unconstitutional actions, policies, and practices and that he will continue to suffer injury and damage as a result thereof.  Since issuance of the Notice Against Trespass, Huminski has been forced generally to refrain from entering any state courthouse or state court property, except with official permission.

38)    Plaintiff has been injured and damaged as a proximate result of the aforementioned conduct of the Defendants.  By reason of the aforementioned Defendants' conduct, Plaintiff was unable to work, and sustained and will in the future sustain a loss and impairment of earnings in an amount according to proof at trial, and further, Plaintiff was injured in his health, strength and activity, and sustained humiliation and severe emotional distress.

## COUNT ONE
## DEPRIVATION OF FEDERAL RIGHTS AND LIBERTIES

39)    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth herein.

40)    The conduct of Defendants violated, and violates, the First, and Fourteenth Amendment rights of the named Plaintiff in that said conduct constitutes:  unconstitutional attempts to deny Plaintiff's rights as guaranteed by

the United States Constitution, unconstitutional summary punishment, and denial of equal protection and enforcement of the laws.

41) Issuance of the trespass notices to restrict Plaintiff's expressive activities violated three well-established First Amendment rights: the right to criticize public officials; the right to engage in speech on public property and in a public forum; and the right to attend and report on court proceedings.

42) The Defendants, their agents, servants and employees violated 42 U.S.C. § 1983 in that the Defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of Rutland County or State of Vermont, subjected the Plaintiff to deprivation of his rights, privileges or immunities received by the Constitution and laws of the United States of America.

**COUNT TWO**
**STATE CIVIL RIGHTS VIOLATIONS**

43) The Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth herein.

44) The individual Defendants' actions and inactions deprived Scott Huminski of civil rights secured be Chapter One of the Vermont Constitution, articles, 1, 4, 6, 9, 10, 11, 12, 13 and 20, including freedom of speech and expression, summary punishments, the right of seeking redress of grievances, the tight to petition the government, due process, equal protection and access to the courts, all in violation of Vermont Constitution Chapter Two section 71.

Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' actions as set forth in this complaint violated federal law, including the First and Fourteenth Amendment to the United States Constitution, as well as state law, including Chapter One of the Constitution of the State of Vermont;

B. Preliminarily and permanently enjoin Defendants from enforcing trespass notices that have the effect of barring Plaintiff from access to Vermont courts and their grounds;

C. Award Plaintiffs such costs and fees as are allowed by law pursuant to 42 U.S.C. § 1988;

D. Award damages to the Plaintiff, including general and/or punitive damages; and

E. Grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated at Bennington, Vermont this 31st day of May, 1999. As amended, July 7, 1999. As further amended February 2, 2001.

Respectfully submitted,

HOGAN & HARTSON, L.L.P.

By: ______________________

Robert Corn-Revere, Esq.
Ronnie London, Esq.
Scott Shail, Esq.
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Tel. 202/637-5600
Fax: 202/637-5910

Ronald Collins, Esq.
1875 Connecticut Avenue, NW
Suite 300
Washington, DC 20009
(202) 332-9110

By: ______________________

W.E. Kraham, Esq.
67 Main Street, Suite 12
Brattleboro, Vt. 05301-3908
Tel. 802/257-5060

Attorneys for Scott Huminski

**EXHIBIT A**

RUTLAND POLICE DEPARTMENT
52 Washington St., P.O. Box 969
Rutland VT 05702-0969

# NOTICE AGAINST TRESPASS

TO: Scott Huminski DOB: 12-01-56
[illegible] Main Street
Bennington VT

You are hereby notified, pursuant to Title 13, Vermont Statutes Annotated, Section 3705 (A)(1), not to enter upon or remain upon the property that is lawfully possessed by:

Name: Rutland District Court
Address: [illegible] State Street
Rutland, VT 05701

Said property, which is located in the City of Rutland, State of Vermont, and consists of the following: [illegible] controlled by or utilized by The District Court including all portions, except you may enter only [illegible] have a written Notice from the Court or if you have made prior arrangements or permission directing your appear[illegible] or The Court manager.

Signature of Owner/Tenant Court manager

## RETURN OF SERVICE

On the 27th day of May, 1999, at Rutland City, County of Rutland, State of Vermont, I made service of the above Notice Against Trespass upon Scott Huminski by hand, delivering a copy to him/her in person. This person was also advised that a violation of this Notice of Trespass may be statutorily punished by a term of imprisonment for not more than three months or a fine of $500.00.

Signature of Officer

## ACKNOWLEDGEMENT OF RECEIPT

On the 27th day of May, 1999 I, Scott Huminski acknowledge receipt of a copy of this Notice Against Trespass and understand what the officer serving this order has explained to me.

Signature of Person Receiving Trespass Order

Exhibit "A"

Case Number: 1119-92RC04927 Date of Case: 05-24-99

# RUTLAND COUNTY SHERIFF'S DEPARTMENT

## NOTICE AGAINST TRESPASS

To: Scott Harriett [handwritten] DOB: 12-01-59 [handwritten]

203 Main St. [handwritten]

Brandon VT [handwritten]

You are hereby notified, pursuant to Title 13, Vermont Statutes Annotated. Section 3705(A)(1), not to enter upon or remain upon the property that is lawfully possessed by:

Owner's Name: Nancy Corcoran [handwritten]

Legal Custodian: ______________________

Said property, under the lawful control of the named owner/legal custodian, which is located in the Town of Rutland/Mendon [handwritten], County of Rutland, State of Vermont, consists of the following:

X All Buildings X All lands located at: One Nickwackett [handwritten, partly illegible]

X Other: 6 Tenney Road Mendon [handwritten]

______________________ 05-24-99

Signature of Owner/Legal Custodian Date

## RETURN OF SERVICE

On the 24 day of May, 1999, at Rutland, County of Rutland, State of Vermont, I made service of the above Notice Against Trespass upon ______________________ by delivering a copy of this notice in person. This person was also advised that a violation of this Notice of Trespass may be statutorily punished by a term of imprisonment for not more than three months or a fine of $500.00 or both.

Case No: 99 RUC 366 [signature]

Signature of Deputy Sheriff

## ACKNOWLEDGMENT OF RECEIPT

On the 24 day of May, 1999, I, [handwritten, illegible] did receive a copy of this Notice Against Trespass and I understand what this order means.

Refused to Sign [handwritten]

Signature of Person Receiving Trespass Notice

Witness: R. J. Elliott Sheriff [handwritten]

**EXHIBIT B**

Form Number 368
Motion Reaction Form

Hold for memo until: ______

STATE OF VERMONT

| ☒ DISTRICT COURT OF VERMONT ☐ SUPERIOR COURT OF VERMONT | Unit No. | Circuit/County | Docket Number |
|---|---|---|---|

Scott Hemminski v. In re "special proceeding"

ENTRY REGARDING MOTION

Title of Motion: Motion to Disqualify Judge Corsones

Date Motion Filed: Ordinarily 5/24/99

Party Filing Motion: ☒ Plaintiff/State ______
☐ Defendant ______
☐ Other ______

Date Response Filed: None
("NONE" If None Filed)

___ Granted Compliance by ______

___ Denied

___ Scheduled for hearing on: ______ (Date) at ______ (Time); Time Allotted ______

✓ Other

The motion to disqualify has been referred to the undersigned judge by the administrative judge for trial courts. It is this court's understanding that the notice against trespass to which petitioner refers in a related motion (motion to vacate notice against trespass) has been withdrawn. Since that motion is now moot, the motion to disqualify Judge Corsones from any proceeding addressing the motion to vacate is also moot. The court also notes that the district court is a court of limited jurisdiction and therefore may not have jurisdiction over the "special proceeding" petitioner wishes to initiate.

[signature] 5/27/99

Presiding Judge | Assistant Judge | Assistant Judge | Date

Date copies sent to:
Plaintiff/State ______
Defense ______
✓ Other 5/25/99 (KP) Scott Hemminski

Clerk's Initials ______

R2/87

**EXHIBIT C**

#24176

RECEIVED MAY 27 1999 BENNINGTON COUNTY SHERIFF'S DEPT.

# RUTLAND COUNTY SHERIFF'S DEPARTMENT

## NOTICE AGAINST TRESPASS

To: Scott Huminski DOB: 12-01-59

302 Main Street

Bennington VT 05201

You are hereby notified, pursuant to Title 13, Vermont Statutes Annotated, Section 3705(A)(1), not to enter upon or remain upon the property that is lawfully possessed by:

Owner's Name: State of Vermont - Rutland District Court
92 State Street Rutland, VT

Legal Custodian: (Designees) Sheriff R. J. Elrick / Hon. Patricia Zimmerman

Said property, under the lawful control of the named owner/legal custodian, which is located in the Town of Rutland, County of Rutland, State of Vermont, consists of the following:

x All Buildings x All lands located at: 92 State Street, Rutland, VT

X Other: All lands and property under the control of the Supreme Court and the Commissioner of Buildings and General Services, including the Rutland District Court, parking areas, and lands

Signature of Owner/Legal Custodian (Designees): M. Patricia Zimmerman; R. J. Elrick, Sheriff Date: 05-27-99

## RETURN OF SERVICE

On the 1 day of June, 1999 at Bennington, County of Rutland, State of Vermont. I made service of the above Notice Against Trespass upon Scott Huminski by delivering a copy of this notice in person. This person was also advised that a violation of this Notice of Trespass may be statutorily punished by a term of imprisonment for not more than three months or a fine of $500.00 or both.

Case No: ____RUC______

Signature of ~~Deputy~~ Sheriff

## ACKNOWLEDGMENT OF RECEIPT

On the ______ day of ______________, 19____, I, ______________________ did receive a copy of this Notice Against Trespass and I understand what this order means.

Signature of Person Receiving Trespass Notice

**EXHIBIT D**

Form Number 368
Motion Reaction Form

Hold for memo until: ______

STATE OF VERMONT

| ☑ DISTRICT COURT OF VERMONT ☐ SUPERIOR COURT OF VERMONT | Unit No. | Circuit/County | Docket Number |
|---|---|---|---|
| | | | |

Scott Humminski v. Rutland District Court

## ENTRY REGARDING MOTION

Title of Motion: Motion to vacate trespass notice #2

Date Motion Filed: 10/4/99

Party Filing Motion: ☒ Plaintiff/State: Scott Humminski
☐ Defendant ______
☐ Other ______

Date Response Filed: None
("NONE" If None Filed)

Exhibit "D"

___ Granted

Compliance by ______

✓ Denied

___ Scheduled for hearing on: ______ (Date) at ______ (Time); Time Allotted ______

___ Other This motion was date-stamped 6/4/99 in Rutland District Court, but not received by the undersigned (sitting in Addison Co.) until 6/28/99.

As pointed out in the ruling of 6/3 on petitioner's motion to reconsider, the district court is a court of limited jurisdiction and cannot convene a "special proceeding" to determine these issues. Also the Rutland District Court appears to be the respondent. Thus, Mr. Humminski must pursue his claims in another forum that has jurisdiction.

Presiding Judge [signature] | Assistant Judge | Assistant Judge | Date

Date copies sent to: [date illegible]/99
Plaintiff/State ______
Defense Scott Humminski 7-1-99
Other ______

Clerk's Initials [illegible]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

Scott Huminski,
Plaintiff,

-V-

Rutland ~~Police Department~~ County,
and Rutland County Sheriff's Dept.,
and ~~)Town of Rutland, and Two Unnamed Members of the )Rutland County Sheriff's Dept, and One Unnamed Rutland Police Officer, and the State of Vermont, and Hon. Judge Nancy Corsones,~~
Deputy Sheriff R.J. Elrick, and
Judge Nancy Corsones, and
Judge M. Patricia Zimmerman, and
Karen Predom, and ~~the Vermont State Police, and One Unnamed Vermont State Police )Officer, and~~
Rutland District Court,
Defendants.

CIVIL ACTION

CASE NO. 1:99-CV-160

**SECOND AMENDED VERIFIED COMPLAINT for INJUNCTIVE and OTHER RELIEF**

NOW COMES Plaintiff Scott Huminski (the "Plaintiff") and, under oath, hereby complains, deposes and swears as follows:

1) Plaintiff Scott Huminski has been a resident of Bennington, Vermont for the past 8 years.

2) Rutland District Court, Rutland, Vermont is a State District Court and is a Defendant herein.

3) ~~The State of Vermont is a defendant herein.3)~~ Karen Predom is the clerk of Rutland District Court and is a Defendant herein.

4) **Rutland County, a Defendant herein ("Rutland County"), as one of the counties in Vermont under Vt. St. Ann. tit. 24, § 1, encompasses the City** of Rutland ~~("Rutland"), a defendant herein~~**("City of Rutland"), and** ~~is a municipality organized~~ **is located** in the State of Vermont. ~~At all times hereinafter mentioned, the defendant City of Rutland, its agents, servants and employees operated, maintained and controlled the Police Department of Rutland, including all the employees thereof.~~**At all times hereinafter mentioned, Rutland County, its agents, servants and employees operated, maintained and controlled the Rutland County Sheriff's Department, including all the employees thereof.**

5) ~~An unnamed police officer of the Rutland Police Department (the "Police Officer") is a defendant herein. The Rutland Police Department (the "Police")~~ **The Rutland County Sheriff's Department (the "Sheriff's Department")**, a Defendant herein, ~~is the municipal police department of Rutland, Vermont. The Vermont State Police is a defendant herein.6) The Rutland County Sheriff's Department (the "Sheriff's Department"), a defendant herein,~~ is the Sheriff's department for Rutland County, Vermont. ~~Two unnamed deputy Sheriffs of the Rutland County Sheriff's Department (the "Deputies") are defendants herein.~~

6) ~~7)~~ The Honorable Judge Nancy Corsones ~~(the "Judge")~~ is a District Court Judge in the State of Vermont and is a Defendant herein **in both her individual and official capacities**.

7) ~~8)~~ **The Honorable Judge M. Patricia Zimmerman is a State Judge primarily assigned to Rutland County and is a Defendant herein in both her individual and official capacities.**

**8)** ~~9)~~ **Rutland County Deputy Sheriff R. J. Elrick is a Defendant herein in both his individual and official capacities.**

**9) This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201 and 42 U.S.C. § 1983.** ~~Jurisdiction is conveyed through 42 USC 1983, 42 USC 1985, 42 USC 1986, 42 USC 1988, 28 USC 1443 and 28 USC 1331. This case involves questions of federal law.~~

10) **Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).**

11) At all times material herein, the Rutland ~~Police Department~~ **District Court, Karen Predom, Rutland County**, the Rutland County Sheriff's Dept.~~, the Town of Rutland, Two Unnamed Members of the Rutland County Sheriff's Dept, One Unnamed Rutland Police Officer, Karen Predom, Rutland District Court, the State of Vermont~~, Hon. Judge Nancy Corsones, ~~Vermont State Police, and One Unnamed Vermont State Police Officer~~ **Hon. Judge M. Patricia Zimmerman, Sheriff R.J. Elrick** (collectively the "Defendants") ~~conspired to~~ **took actions under color of state law to** violate, subvert, oppress and deny Scott Huminski's right to free expression as guaranteed by the Constitutions of Vermont and the United States of America.

12) ~~10)~~ At all times material herein Defendants' conduct was in the course and scope of their employment with their respective employers.

13) ~~11)~~ This action is brought jointly and severally against the Defendants in both their individual and official capacities.

14) ~~12)~~ Huminski is a citizen-reporter who, for the last several years, has attended law enforcement proceedings in Vermont, focusing particularly on judicial proceedings. During this time, Huminski has peacefully collected information, publishing his findings on signs posted around his home in Bennington, Vermont, and on placards posted on his van, authored complaints and correspondence to the Vermont Professional Conduct and Judicial Conduct Boards, and distributed information on law enforcement proceedings to attorneys and government officials. These findings often consist of reports of judicial and attorney misconduct occurring in the course of open proceedings which Huminski has attended.

15) At 7:30 a.m. of the morning of May 24, 1999, ~~Plaintiff Scott Huminski ("Huminski")~~ parked his van in the public parking area provided at the Rutland District Court on State Street in Rutland, Vermont. Displayed on Huminski's van were 3 large posters ~~approximately 3 feet by 5 feet~~ measuring 45 inches by 54 inches alleging ~~the~~ Judge Corsones's subversion of the constitution through her actions in a Bennington District Court matter in 1998. Most notable was the large headline stating, "JUDGE CORSONES: BUTCHER OF THE

CONSTITUTION." The sign listed five reasons why Huminski believed some of Judge Corsones' rulings were unconstitutional, while the other signs contained additional observations about court proceedings. ~~13)~~

16) The parking lot of the Rutland County Court is a public forum. For example, assistant judges of county courts in Vermont, whose duties include "the care and superintendence of county property" are elected by popular vote, and other vehicles in the courthouse parking lot have various forms of "pro-judge" expression in the form of bumper stickers, vanity license plates or other content-bearing "signage." In addition, the sidewalks and public thoroughfares on court grounds are public fora.

17) ~~13)~~ At approximately 8:00 a.m. ~~the Deputies~~ Deputies with the Rutland County Sheriff's Department and courthouse personnel approached the van and told Huminski to take down the signs from the van or move it off the property. There ensued a peaceful discussion with the officers, during which Huminski replied that he was going to attend court and that the signs contained expression protected by the Vermont and United States Constitutions. At no time did Huminski engage in any activities – while either outside or inside the courthouse – that might be characterized as disruptive.

18) ~~14)~~ At approximately 9:00 a.m. Huminski entered the courthouse to observe the court proceedings of that day.

19) ~~15)~~ At approximately 9:30 a.m. ~~the Police Officer and the Deputies~~ **a Rutland City police officer and representatives from the Rutland County Sheriff's Department** approached Huminski in the hallway of Rutland District Court and asked him to come into a conference room with them and they served him with two notices against trespass and told him to leave the property. True and correct copies of these notices are attached hereto as Exhibit "A".

20) ~~16)~~ At all times material herein Defendants' conduct towards Scott Huminski was perpetrated with the intent of causing injury or damage to Scott Huminski and subverting his right to free expression and to attend court proceedings that are open to the public.

21) ~~17)~~ On May 24, 1999 the Plaintiff had not engaged in any ~~violent, disruptive or any other conduct that interfered~~ **form of violent or disruptive conduct, loud or boisterous behavior, public nuisance, picketing, obscene or vulgar expression, commercial expression, "fighting words," or conduct tending in any way to interfere** with the business of the Rutland District Court ~~and~~**,** Defendants' sole purpose behind their aforementioned outrageous conduct was to chill and destroy Huminski's First Amendment expression through malicious, corrupt, illegal and improper use of Vermont criminal statutes.

22) ~~18)~~ Scott Huminski lives in fear of retaliation to this day and will continue to fear retaliation for his engaging in protected expression. On or

about 5/26/99 Scott Huminski taped a telephone conversation with a Vermont State Police officer assigned to the Rutland County State's Attorneys Office in which the officer stated that Scott Huminski would be arrested for trespass regardless and in spite of his First Amendment rights if he disobeyed a Notice Against Trespass order for Rutland District Court. Excerpts from the conversation are as follows:

Huminski: Where does the First Amendment come into play there? That means anybody that expresses a point of view that somebody doesn't want to hear, they just issue a no trespass order and the First Amendments out the door.

Officer: Yeah, they can do that.

Officer: If you go back on the property to do whatever.

Huminski: Right.

Officer: Then, yeah, you will be arrested.

Huminski: Regardless of my protection by the constitution?

Officer Regardless.

Huminski: Nobody can protest in Vermont if anybody in the government doesn't like what they're saying.

Officer: Obviously.

23) This dialog throughout the conversation indicated that State employees will not hesitate to violate, oppress and deny constitutional rights of citizens engaging in protected expression on public property.

<u>24) On or about May 27, 1999 a judge of the Rutland District Court an Entry Regarding Motion concerning the Notice Against Trespass dated May 24, 1999. A true and correct copy of this Entry Regarding Motion is attached hereto as Exhibit "B".</u>

25) On the same day on which Exhibit "B" was issued stating "It is this court's understanding that the notice against trespass to which petitioner refers in a related motion (motion to vacate notice against trespass) has been withdrawn." Judge M. Patricia Zimmerman and Sheriff R.J. Elrick issued a second notice against trespass dated May 27, 1999. A true and correct copy of the second Notice Against Trespass is attached hereto as Exhibit "C".

26) Judge Zimmerman and Sheriff Elrick issued the May 27, 1999, trespass notice even though Plaintiff was not at or near the Rutland County Courthouse or its grounds on that date.

27) Not only does the May 27, 1999, trespass notice forbid under penalty of criminal arrest the Plaintiff from entering any public state courthouse in Vermont, it also threatens criminal trespass charges for the Plaintiff's lawful use of State facilities located in Bennington, Vermont including the Department of Motor Vehicles, the Department of Employment and Training, the Department of Social Welfare, the Department of Health, etc., it prevents the Plaintiff from trespassing on "All lands and property under the control of the Supreme Court and the Commissioner of Buildings and General Services, parking areas, and lands." The Plaintiff was served with Exhibit "C" on June 1, 1999.

28) Defendants issued trespass notices on May 24, 1999 because Plaintiff's signs in the Rutland County Courthouse parking lot

were critical of a judge presiding that day in that court. Along with the trespass notice issued on May 27, 1999, defendants' actions have had the following effects: (i) upon threat of arrest, Plaintiff was compelled to leave the Rutland County Courthouse immediately and to cease attending judicial proceedings about which he planned to issue public reports; (ii) Plaintiff was compelled immediately to remove his signs containing political commentary from the Rutland County Courthouse parking lot; (iii) Plaintiff was precluded from reentering the Rutland County Court or its grounds, including the parking lot, sidewalks, and public thoroughfares for the purpose of engaging in political commentary; (iv) Plaintiff was precluded from reentering the Rutland County Courthouse to attend judicial proceedings for any purpose, including the gathering of information for future public reports; (v) Plaintiff was precluded from entering all other courts under the jurisdiction of the Vermont Supreme Court or their grounds, including the parking lots, sidewalks, and public thoroughfares for the purpose of engaging in political commentary; (vi) Plaintiff was precluded from entering from all other courts under the jurisdiction of the Vermont Supreme Court to attend judicial proceedings or for any purpose, including the gathering of information for future public reports; and (v) Plaintiff was required to seek advance permission by leave of court, on a case-by-case basis, to enter Vermont courthouses to attend judicial proceedings in which he is a litigant.

**29)          Huminski's efforts to vindicate and enforce his constitutional rights and other issues arising out of issuance of the trespass notices in state court have been rebuffed.  Attached hereto as Exhibit "D" is a true and correct copy of an Entry Regarding Motion dated June 29, 1999 stating,**

> **"As pointed out in the ruling of 6/3 on petitioner's motion to reconsider, the District Court is a Court of limited jurisdiction and cannot convene a "special proceeding" to determine these issues. Also, the Rutland District Court appears to be the respondent.  Thus Mr. Huminski must pursue his claims in another forum that has jurisdiction."**

30)          ~~19)~~ Defendants **engaged in a course of conduct under color of state law** ~~entered into a deliberate conspiracy~~ to deny Scott Huminski the right to freely travel and observe court proceedings at a public courthouse, petition the government, redress grievances and to engage in protected expression.

31)          ~~20)~~ As a direct result of Defendants' conduct as herein~~before~~ described, a custom, policy, or procedure has developed by the Defendants whereby it has become accepted practice to retaliate against **the Plaintiff** ~~Scott Huminski~~ for his engaging in protected First Amendment activities by banning him with threats of arrest from public courthouses.  The practice of the Defendants' retaliation against Huminski for engaging in protected First Amendment activities has a chilling effect on such expression by Huminski in direct violation of the First Amendment to the United States Constitution and Chapt. 1 Art. 13 of the Vermont Constitution.

32) ~~21)~~ The violation of the Huminski's constitutional rights as protected under the First~~, fifth~~ and Fourteenth Amendments to the United States Constitution is sufficiently ~~significantly~~ oppressive ~~enough~~ that Huminski is ~~not~~ confident in the belief that he will ~~not~~ be subjected to future deprivation of his civil rights as protected by the Vermont and United States Constitutions.

33) ~~22)~~ As a direct result of Defendants' conduct as herein~~before~~ described, a custom, policy or procedure has been authorized by the Defendants whereby it has accepted the practice of the Defendants to carry out summary punishment against Scott Huminski unrelated to any belief or suspicion that Scott Huminski had committed any violation of the Crimes Codes of Vermont. These practices include subjecting Scott Huminski to oppression, harassment and extortionate use of Vermont crime statutes to violate civil rights by Defendants.

34) ~~23)~~ The act of subjecting Scott Huminski to summary punishment based on his protected expression is a violation of the due process clause of the Fourteenth Amendment to the United States Constitution and the Vermont Constitution.

35) ~~24)~~ Scott Huminski lives in fear of wrongful arrest and the threats from the Defendants and believes he indeed will be arrested for engaging in protected activities. These threats and other outrageous conduct of the Defendants has had a chilling effect on protected First Amendment expression by Huminski.

~~25) The aforementioned acts of Defendants were at all times malicious in that they were wrongful acts, done intentionally without cause or excuse and~~

~~with the goal of aiding in a conspiracy to oppress Huminski's civil rights; in that Defendants acted with a wanton, reckless or grossly negligent disregard of the Plaintiff's rights inconsistent with good faith; in that Defendants' aforementioned conduct involved spite, hatred, malevolence, and a corrupt design.~~

36) ~~26)~~ The aforementioned acts of Defendants violate Plaintiff's rights as guaranteed to him under the First~~, fifth~~ and Fourteenth Amendments to the United States Constitution.

~~27) Defendants' aforementioned conduct demonstrates the Defendants' belief that they are above the law and above the Constitution in that Defendants control law enforcement and the courts and therefore can act in an egregiously unconstitutional and outrageous manner. Defendants, as law enforcement officials and court personnel, have abused the power of their positions to oppress and deny the constitutional rights of Scott Huminski in violation of their oaths of office.~~

~~28) The aforementioned conduct of Defendants violated and violates 18 USC 241 (Conspiracy Against Rights), 18 USC 242 (Deprivation of rights under color of the law), 42 USC 1983 (Deprivation of Civil Rights and Liberties), 42 USC 1985 (Conspiracy to interfere with civil rights), 42 USC 1986 (action for neglect to prevent) and other statutes. These malicious and willful violations of federal statutes and civil rights preclude the claim of qualified immunity by Defendants. (Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).)~~

37) ~~29)~~ Plaintiff ~~Scott Huminski~~ has a reasonable fear that he will continue to be subjected to Defendants' unlawful and unconstitutional actions, policies, and practices and that he ~~Scott Huminski~~ will continue to suffer injury and damage as a result thereof. **Since issuance of the Notice Against Trespass, Huminski has been forced generally to refrain from entering any state courthouse or state court property, except with official permission.**

38) ~~30) The aforementioned conduct of the defendants was at all times in support of a conspiracy to violate, deny, oppress and subvert the most basic rights and liberties guaranteed by the constitution of the United States of America and the Constitution of Vermont. Defendants' aforementioned behavior concerning Scott Huminski was part of a malicious scheme to injure and damage Scott Huminski. Scott Huminski~~ Plaintiff has been injured and damaged as a proximate result of the aforementioned conduct of the Defendants. **By reason of the aforementioned Defendants' conduct, Plaintiff was unable to work, and sustained and will in the future sustain a loss and impairment of earnings in an amount according to proof at trial, and further, Plaintiff was injured in his health, strength and activity, and sustained humiliation and severe emotional distress.**

~~Dated at Bennington, Vermont this 1st day of June, 1999.~~
~~Scott Huminski, Pro Se~~

~~PLAINTIFF CONTINUES, complaining as follows:~~

**COUNT ONE**
**DEPRIVATION~~, VIOLATION and CONSPIRACY AGAINST CIVIL~~**

## FEDERAL RIGHTS AND LIBERTIES~~, CIVIL RIGHTS ACTION (42 USC Sec. 1983), BIVENS ACTION~~

39) The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through ~~30~~ 38 with the same force and effect as if more fully set forth herein.

40) ~~32)~~ The ~~aforementioned actions and~~ conduct of Defendants violated, and violates, the First~~, fifth~~ and Fourteenth Amendment rights of the named Plaintiff in that said conduct constitutes: unconstitutional attempts to deny Plaintiff's rights as guaranteed by the United States Constitution, unconstitutional summary punishment, and denial of equal protection and enforcement of the laws.

41) ~~33)~~ **Issuance of the trespass notices to restrict Plaintiff's expressive activities violated three well-established First Amendment rights: the right to criticize public officials; the right to engage in speech on public property and in a public forum; and the right to attend and report on court proceedings**~~The aforementioned actions and conduct of Defendants constitutes unconstitutional deprivations of life, expression, liberty, travel, access to the courts, happiness, due process of law and denial of equal protection and enforcement of the laws, all in violation of the Vermont Constitution and laws of the state of Vermont~~.

~~34) By authorizing and tolerating the policies, customs, and practices hereinbefore mentioned violative of federally secured rights, the conduct of~~

~~Defendants themselves violates the First, fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Sections 1983, 1985 & 1986.§ 1983.~~

42) **The Defendants, their agents, servants and employees violated 42 U.S.C. § 1983 in that the Defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of Rutland or State of Vermont, subjected or caused to be subjected, a citizen of the United States or other persons within the jurisdiction, particularly the Plaintiff, Huminski, thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America**~~By reason of the aforementioned acts of Defendants, Plaintiff was injured in his health, strength and activity, sustained great mental pain, suffering and shock to his nervous system, torment, anxiety, anguish, humiliation, and severe emotional distress, all to their damage in an amount according to proof at trial~~.

~~36) By reason of the aforementioned acts of Defendants, Plaintiff will be compelled to retain legal counsel, at his own cost and expense, to defend his constitutional rights, in an amount according to proof at trial.~~

~~37) By reason of the herein mentioned conduct and the resulting injuries and damage caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided to him in the Constitution of the United States of America, and provided to~~

~~him in the Constitution of the State of Vermont, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. Sec. 1983, 1985 & 1986~~§ 1983 ~~in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the Town~~ City ~~of Rutland or State of Vermont, subjected or caused to be subjected, a citizen of the United States or other persons within the jurisdiction, particularly the plaintiff, Huminski, thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of Vermont; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiff.~~

~~38) That by reason of the aforesaid deprivations of rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiff suffered great bodily injury and was rendered sick, sore, lame and disabled, and among other things, he suffered conscious pain suffering, and that he was otherwise damaged.~~

~~40) Defendants' acts were done and committed by each Defendant knowingly, deliberately and maliciously, with the intent to oppress, injure and harass Plaintiff, and with reckless indifference to the civil rights, personal security~~

~~and safety of Plaintiff; and by reason thereof, Plaintiff prays for punitive and exemplary damages from and against the individual Defendants in an amount according to proof at trial.~~

**~~COUNT TWO~~**
**~~INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS~~**

~~41) The plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth herein.~~

~~42) Defendants were negligent or grossly negligent in their aforementioned actions which constitute intentional/negligent infliction of emotional distress and acted with malice, with reckless disregard for the rights of Scott Huminski, with a flagrant disregard for the rights of Huminski, with the awareness on their part that their actions would, in reasonable probability, result in injury or damage to Scott Huminski.~~

~~43) Pleading further, and alternatively, if necessary, Defendants' intentional/negligent infliction of emotional distress upon Scott Huminski caused him to sustain injury, thereby entitling Huminski to recover general or presumed damages.~~

~~44) Pleading further, and alternatively, if necessary, Defendants' intentional/negligent infliction of emotional distress upon Scott Huminski caused him to sustain actual damages in an amount no less than $500,000, for which he seeks recovery here and Huminski should be awarded substantial exemplary and~~

~~punitive damages against Defendants.~~

## ~~COUNT THREE~~
## ~~CONSPIRACY~~

~~45) The plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth herein.~~

~~46) Defendants were negligent or grossly negligent in their aforementioned actions which constitute conspiracy and acted with malice or with reckless disregard for the rights of Scott Huminski and acted with a flagrant disregard for the rights of Scott Huminski and with the awareness on their part that their actions would, in reasonable probability, result in injury or damage to Scott Huminski.~~

~~47) Pleading further, and alternatively, if necessary, Defendants' conspiracy caused Scott Huminski to sustain injury, thereby entitling him to recover general or presumed damages.~~

~~48) Pleading further, and alternatively, if necessary, Defendants' conspiracy caused Huminski to sustain actual damages in an amount no less than $500,000, for which Huminski seeks recovery here and Huminski should be awarded substantial exemplary and punitive damages against Defendants.~~

## ~~COUNT FOUR~~
## ~~NEGLIGENCE IN HIRING AND RETIRING~~

~~49) The plaintiff(s) repeats, reiterates and realleges each and every~~

~~allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully set forth herein.~~

~~50) That the defendants, the Sheriff's Department and Vermont and Rutand, were careless and reckless in hiring and retaining as and for its aforementioned defendant employees; in that the defendant employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; in that the defendants, the TOWN OF RUTLAND and VERMONT and SHERIFF'S DEPARTMENT, failed to investigate the aforementioned defendants' background and in that they hired and retained as an employees individuals who lacked the maturity, sensibility and intelligence to be employed by the defendant; in that the defendant knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.~~

~~51) That the aforesaid occurrence, to wit: deprivation of civil rights and liberties, conspiracy, intentional negligent infliction of emotional distress, the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiff.~~

~~52) That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief will continue to suffer great physical and mental pain, and he was rendered sick, sore, lame and disabled and so remains, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred divers sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and: upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.~~

~~53) That by reason of the aforesaid, Scott Huminski has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.~~

## ~~COUNT FIVE~~
## ~~NEGLIGENCE IN TRAINING AND SUPERVISION~~

~~54) The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth herein.~~

~~55) That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular the named defendants, Two Unnamed Members of the Rutland County Sheriff's Dept., One Unnamed Rutland Police Officer, One Unnamed State Police Officer, Judge Corsones and Karen Predom, in that they~~

~~failed to train their employees in the proper methods of performing their job activities; to control their personal animosities and opinions; to avoid discrimination in their work activities and employment; to exercise the proper deportment and temperament; and to otherwise act as reasonably prudent employees; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.~~

~~56) The plaintiff realleges paragraphs 51 and 52 with regard to this count.~~

~~57) That by reason of the aforesaid, Scott Huminski has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.~~

## ~~COUNT SIX~~
## ~~NEGLIGENCE IN PERFORMANCE OF DUTIES~~

~~58) The plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force and effect as if more fully set forth herein.~~

~~59) That the defendants, their agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful employee would have used under similar circumstances in that they carelessly, recklessly and negligently denied, subverted and violated the civil rights and freedoms of Scott Huminski without making a proper investigation; in that they~~

~~improperly conducted themselves; in that they engaged in a conspiracy misusing the power of their position to aid friends and others; in that they improperly authored Notices Against Trespass without consideration of the constitutional rights of Scoff Huminski; in that they failed to control their personal animosities and opinions; in that they engaged in discrimination against Scott Huminski for the exercise of his constitutional rights; in that they failed to exercise the proper deportment and temperament; in that they failed to otherwise act as reasonably, prudent employees; in that they failed to act properly as to their deportment, behavior and conduct as representatives of their employers; in that they engaged in a vendetta misusing the power of their position to aid friends and others; in that they misused power derived from the state of Vermont; in that they failed to avoid discrimination in the performance of the duties; in that they signed documents maliciously with the intent to cause injury and harm; in that they failed to review the constitutions of Vermont and the United States prior to making decisions that would violate said constitutions; in that they intermingled personal favors to others with their job duties; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.~~

~~60) That the aforesaid occurrence, to wit: the conspiracy, the deprivation of civil rights and liberties, the intentional/negligent infliction of emotional distress, the negligence, the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part~~

~~of the plaintiff.~~

~~61) The plaintiff realleges paragraphs 51 and 52 with regard to this count.~~

~~62) That by reason of the aforesaid, Scott Huminski has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.~~

## COUNT TWO ~~SEVEN~~
## STATE CIVIL RIGHTS VIOLATIONS

43) ~~63)~~ The Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 ~~62~~ with the same force and effect as if more fully set forth herein.

44) ~~64)~~ The individual Defendants' actions and inactions deprived Scott Huminski of civil rights secured by Chapter One of the Vermont Constitution, articles 1,4,6,9,10,11,12,13 and 20, including freedom of speech and expression, summary punishments, the right of seeking redress of grievances, the right to petition the government, due process, equal protection and access to the courts, all in violation of Vermont Constitution, Chapter Two, Section 71.

## Requested Relief

WHEREFORE, ~~PREMISES CONSIDERED,~~ **Plaintiff respectfully requests that this Court** ~~Scott Huminski, respectfully prays that Defendants be cited and required to appear herein as by law provided, and that, upon final~~

hearing, Scott Huminski be awarded judgment against Defendants, jointly and severally, for:

1. TRIAL BY JURY;

2. Declaratory, injunctive and other equitable relief;

3. general or presumed damages for injuries to Scott Huminski;

4. alternatively, if necessary, actual damages sustained by Scoff Huminski;

5. exemplary damages and/or punitive damages;

6. prejudgment interest in the maximum amount allowed by law;

7. post-judgment interest in the maximum amount allowed by law;

8. costs of suit (42 USC 1988); and

9. such further relief and additional relief, both at law and in equity, to which Scott Huminski may show himself justly entitled.

INJUNCTIVE RELIEF REQUESTED

Based on the aforementioned, Plaintiff requests that the Court enter orders;

1. Preliminary enjoining Defendants Karen Predom, Rutland District Court, Vermont, Rutland Police Department, Vermont State Police and Rutland County Sheriff's Department including their agents, attorneys, officers, directors, employees, servants and all persons acting for, with, by, through, or under them, and each of them,

(a) from the arrest or harassment of Scott Huminski in any manner arising out of the parking of his van in the Rutland District Court parking lot with signs containing expression protected by the constitutions of Vermont and the United States of America;



(b) from the arrest or harassment of Scott Huminski in any manner arising out of his peaceful and lawful attendance of proceedings at Rutland District Court; and

(c) from aiding or assisting in the violation of the previous two paragraphs.

12. Permanently enjoining Defendants Karen Predom, Rutland District Court, Vermont, Rutland Police Department, Vermont State Police and the Rutland County Sheriff's Department, Judge Nancy Corsones, Judge M. Patricia Zimmerman, Sheriff R.J. Elrick, and Rutland County, including their agents, attorneys, officers, directors, employees, servants and all persons acting for, with, by, though, or under them, and each of them,

(a) from the arrest or harassment of Scott Huminski in any manner arising out of the parking of his van in the Rutland District Court parking lot with signs containing expression protected by the constitutions of Vermont and the United States of America;

(b) from the arrest or harassment of Scott Huminski in any manner arising out of his peaceful and lawful attendance of proceedings at Rutland District Court; and

(c) from aiding or assisting in the violation of the previous two paragraphs.

3. Permanently destroying all copies of the Notice Against Trespass for Rutland District Court as shown in Exhibit "A" in possession of the Defendants and permanently enjoining the Defendants from possessing or using said document for any purpose without exception.

~~DECLARATORY RELIEF REQUESTED~~

~~Based on the aforementioned, Plaintiff requests that the Court enter an order;~~

~~1. Declaring that 13 VSA 3705 isan unconstitutional government tool that has accomplished the violation, denial, repression and oppression of federal and state constitutionally secured rights to expression and as such 13 VSA 3705 is unconstitutional,~~

A. Declare that Defendants' actions as set forth in this complaint violated federal law, including the First and Fourteenth Amendment to the United States Constitution, as well as state law, including Chapter One of the Constitution of the State of Vermont;

B. Preliminarily and permanently enjoin Defendants from enforcing trespass notices that have the effect of barring Plaintiff from access to Vermont courts and their grounds;

C. Award Plaintiffs such costs and fees as are allowed by law pursuant to 42 U.S.C. § 1988;

D. Award damages to the Plaintiff, including general and/or punitive damages; and

E. Grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated at Bennington, Vermont this 31st day of May, 1999. As amended, July 7, 1999. As further amended February 2, 2001.

Respectfully submitted,

~~Scott Huminski, Pro Se~~

HOGAN & HARTSON, L.L.P.

~~Scott Huminski302 Main Street~~
~~Bennington, VT 05201(802) 442-6563~~

By: ____________________

Robert Corn-Revere, Esq.
Ronnie London, Esq.
Scott Shail
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Tel. 202/637-5600
Fax: 202/637-5910

Ronald Collins, Esq.
1875 Connecticut Avenue, NW
Suite 300
Washington, DC 20009
(202) 332-9110

By: ____________________

W.E. Kraham, Esq.
67 Main Street, Suite 12
Brattleboro, Vt. 05301-3908
Tel. 802/257-5060

Attorneys for Scott Huminski

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of February, 2001, copies of the foregoing Second Amended Verified Complaint for Injunctive and Other Relief were mailed, first class postage prepaid, to:

Nancy G. Sheahan, Esq.
McNeil, Leddy & Sheahan
271 South Union Street
Burlington, Vt. 05401

Joseph L. Winn, Esq.
Vermont Attorney General's Office
109 State Street
Montpelier, Vt. 05609

Pietro J. Lynn, Esq.
Heather E. Thomas, Esq.
Dinse, Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, Vt. 05402

Peter W. Hall, Esq.
Reiber, Kenlan, Schwiebert, Hall & Facey, P.C.
71 Allen Street
Rutland, Vt. 05702

Ronald G. London, Esq.
HOGAN & HARTSON, L.L.P.