```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

SCOTT HUMINSKI                        :
                                      :
     V.                               :
                                      :
RUTLAND COUNTY SHERIFF'S DEPT.,       :   CIVIL NO. 1:99CV160
HON. NANCY CORSONES,                  :
HON. M. PATRICIA ZIMMERMAN,           :
KAREN PREDOM,                         :
SHERIFF R.J. ELRICK                   :
_____ :
```

RULING AND ORDER

This matter is before the Court on remand. See Huminisk v. Corsones, 396 F.3d 53 (2d Cir. 2005). The parties have filed briefs addressing the nature of proceedings required by the Second Circuit's ruling. See Papers 191, 192, 193 and 194.

As an initial matter, the Court disagrees with the defendants' contention that the plaintiff's recent move to another state has rendered this controversy moot. The plaintiff may someday return to the State of Vermont. See New York State NOW v. Terry, 159 F.3d 86, 91 (2d Cir. 1998)(mootness arises only when there is "no reasonable expectation the alleged violation will recur"); see also 396 F.3d at 94 ("Injunctive relief as to [Predom] is therefore not moot.").

I. Defendants Hon. Nancy Corsones
   and Hon. M. Patricia Zimmerman

The Second Circuit found Judge Corsones and Judge Zimmerman are entitled to judicial immunity, in their personal capacities,

1

with regard to monetary and injunctive relief.  396 F.3d at 94. Accordingly, the motion for summary judgment filed by Judges Corsones and Zimmerman (Paper 125) is GRANTED, and they are hereby dismissed as defendants in this suit.

## II. Remaining Defendants

The Second Circuit held Karen Predom is entitled to qualified immunity on plaintiff's claim for violation of his right of access.  396 F.3d at 94-95.  The Circuit upheld the Court's determination that, as to plaintiff's free expression claim, this defendant was not entitled to qualified immunity. Like defendant Predom, defendant Elrick also is not entitled to summary judgment on plaintiff's free expression claim.  396 F.3d at 95.

Therefore, with the exception of plaintiff's free-expression claim, the remaining defendants' motions for summary judgment (Papers 123, 128) are GRANTED.  As to the free-expression claim against defendants Predom and Elrick, the trespass notices did not constitute a reasonable restriction on the plaintiff's expressive activity, and plaintiff's motion for partial summary judgment (Paper 120) is GRANTED. 396 F.3d at 89, 93.

## Conclusion

Accordingly, the Second Circuit's remand has left two issues outstanding.  In a hearing to be held on Monday, August 29, 2005

at 1:00 p.m., at the United States District Court in Brattleboro, Vermont, the Court will:

    1.   Hear testimony and determine the amount of damages and attorney's fees, if any, to be awarded the plaintiff against Defendants Predom and Elrick as a result of their violation of his right to free expression, as discussed in the Second Circuit's remand opinion; and

    2.   Decide "whether, under present circumstances, permanent injunctive relief is required and, of course, the terms of any such injunction."  396 F.3d at 94.

In the event the remaining parties to this action require discovery on the issue of damages or attorney's fees, they shall consult with each other and agree upon a discovery schedule that concludes prior to the hearing date of August 29, 2005.

    SO ORDERED.

    Dated at Brattleboro, Vermont, this 7th day of July, 2005.

    /s/ J. Garvan Murtha  
    J. Garvan Murtha,  
    United States District Judge