```
                 UNITED STATES DISTRICT COURT
                     DISTRICT OF VERMONT

SCOTT HUMINISKI                  :
                                 :
     v.                          :
                                 :   CIVIL NO. 1:99CV160
RUTLAND COUNTY SHERIFF'S DEPT.   :
and DEPUTY SHERIFF R.J. ELRICK   :
_____  :
```

## RULING ON MOTION TO EXCLUDE TESTIMONY
### (Paper 235)

The remaining defendants have moved to exclude the testimony of plaintiff's expert, Ronald K.L. Collins, J.D., at the upcoming trial on damages. Mr. Collins is an expert on the First Amendment, and the plaintiff tenders his testimony "regarding how to place a monetary value on deprivations of First Amendment rights to free expression." Paper 239 at 2.

Under Fed. R. Evid. 702, scientific, technical or other specialized knowledge is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue . . . (emphasis added)." In addition, under Rules 401 and 402 of the Federal Rules of Evidence, evidence deemed "relevant" and "admissible" is evidence which assists the trier of fact in determining "factual," not legal, issues. See, e.g., Fed. R. Evid. 401 ("'Relevant evidence' means evidence having a tendency to make the existence of any fact that is of consequence . . .").

During his deposition on November 22, 2005, Mr. Collins, when asked what he was hired to do in this case, responded:

1

> Two things.  Based on my expertise, to assist the
> finder of fact or jury in a case as to the character of
> the First Amendment violation, its gravity, and in
> terms of damages, given the facts in this case, to
> inform the jury as best I can of comparative situations
> where there have been compensatory and/or punitive
> damages.

Collins Deposition at 15-16.  Specifically regarding the issue of damages, Mr. Collins explained:

> I haven't been asked to testify to [sic] about anything
> personal to Mr. Huminski.  All I have been asked to do
> is compare the facts as they occurred in the District
> Court and the Circuit Court opinions to similar cases
> involving First Amendment challenges.

Collins Deposition at 24-25; accord Collins Deposition at 44 ("You look at other cases and determine compensatory and punitive damages.").

In this case, Mr. Collins' testimony is neither relevant nor helpful to the trier of fact.  This matter is before this Court on remand solely for the purpose of determining plaintiff's damages; the Second Circuit already has determined a First Amendment violation has occurred.  Accordingly, any testimony proffered by Mr. Collins on the issue of whether a First Amendment violation occurred is irrelevant.

Likewise, Mr. Collins' damages testimony constitutes an unsupported and irrelevant legal conclusion.  At the pretrial conference conducted on December 19, 2005, the Court instructed the plaintiff to provide examples where other courts have permitted a "First Amendment expert" to testify in the abstract

on the issue of the kind and amount of damages to be awarded in a case similar to this one.  Although the plaintiff provided an array of citations from a variety of jurisdictions, not one of these cases represents an instance where testimony similar to that offered by Mr. Collins was admitted at trial.  <u>See</u> <u>generally</u> Paper 241.  The reason is obvious: In this case, any testimony through which Mr. Collins attempts to establish or quantify damages would constitute an inadmissible legal opinion.

It is well established that "expert testimony is inadmissible if it does no more than tell the finder of fact what conclusions to reach."  4 Weinstein's Federal Evidence, § 702.03[3].  "When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."  <u>United States v. Duncan</u>, 42 F.3d 97, 101 (2d Cir. 1994)(emphasis omitted).

Mr. Collins admittedly was not hired to assess any actual physical, emotional, or economic damages allegedly suffered by Mr. Huminiski, and upon review of his résumé, it is clear that Mr. Collins is unqualified to testify on issues relating to Mr. Huminski's physical or economic well-being.  Through Mr. Collins, the plaintiff is attempting to encourage the trier of fact to award damages as a matter of law and in the absence of any otherwise demonstrable pecuniary loss, physical injury or other

commonly recognized basis for awarding compensatory damages.  Mr. Collins' proposed testimony is a legal conclusion based largely upon his review of outcomes in other judicial cases and therefore is properly excluded.  See id.

The Motion to Exclude the Expert Testimony of Ronald L.K. Collins, J.D. is GRANTED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 28th day of December, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge