UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

SCOTT HUMINSKI                         :
                                       :
     v.                                :        Civil No. 1:99CV160
                                       :
RUTLAND COUNTY SHERIFF'S DEPT.,        :
SHERIFF R.J. ELRICK                    :
_____:


RULING ON MOTION FOR CLARIFICATION
(Paper 248)

     The plaintiff has requested clarification regarding the

admissibility of testimony on the issue of punitive damages in

the upcoming trial arising from the violation of his

constitutional rights.

     Plaintiff cites Iacobucci v. Boulter, 193 F.3d 14 (1st Cir.

1999) which counsels: "Punitive damages becomes a discretionary

matter for the jury in a section 1983 action only if the

plaintiff makes an adequate threshold showing.  A plaintiff

reaches that threshold when the defendant's conduct is shown to

be motivated by evil motive or intent, or when it involves

reckless or callous indifference to the federally protected

rights of others."  Id. at 25-26 (citations and quotations

omitted).

     In cases involving whether the evidence is sufficient to

support an award of punitive damages, the Second Circuit has

indicated it is preferable to bifurcate the punitive damages

issue, "postponing the jury's consideration of the amount of such

1

an award until a later stage in the trial." <u>Vasbinder v. Ambach</u>, 926 F.2d 1333, 1344 (2d Cir. 1991).

Accordingly, the Court will bifurcate this trial into two phases.  At the initial phase, the plaintiff may present all evidence on his entitlement to compensatory damages.  In addition, the plaintiff may present evidence which addresses the issue of whether the plaintiff may be entitled to an award of punitive damages, but he may present no evidence as to the amount of any punitive damages award.  <u>See</u> <u>id.</u> ("Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case.").

No evidence shall be presented which pertains to the <u>amount</u> of any punitive damages award until the jury has first determined all compensatory issues and that the plaintiff is, in the jury's opinion, entitled to an additional punitive damages award. Thereafter, if necessary, the Court will permit the jury to hear additional evidence and to render its verdict on the amount of punitive damages, if any, due this plaintiff.  <u>See</u> <u>id.</u> ("once the jury has returned its finding that punitive damages should be awarded, the court should have proceeded directly to a resolution of the amount – taking such appropriate additional evidence as the parties wished to present, asking the jury to determine an

amount, and reserving the right to set aside the award thereafter

through the grant of judgment n.o.v.").

SO ORDERED.

Dated at Brattleboro, Vermont, this 10th day of February,

2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge