```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF VERMONT

SCOTT HUMINSKI                   :
                                 :
     v.                          :    CIVIL NO. 1:99CV160
                                 :
RUTLAND COUNTY SHERIFF'S DEPT.,  :
DEPUTY SHERIFF R.J. ELRICK       :
                                 :
_____ :
```

RULING ON MOTION FOR REMITTITUR OR FOR NEW TRIAL
(Paper 272)

Pursuant to an order of remand in which the Court of Appeals for the Second Circuit found the defendants had violated the plaintiff's constitutional rights, a jury trial on the issue of damages took place on March 27 and March 28, 2006.  On March 28, 2006, the jury awarded the plaintiff $50,000 compensatory damages and $1.00 punitive damages against Sheriff R. J. Elrick.

The defendants have moved under Fed. R. Civ. P. 59 for remittitur of the plaintiff's compensatory and punitive damages award or, in the alternative, for a new trial.  A motion for a new trial may be granted where the jury's verdict constitutes a "miscarriage of justice" or is "seriously erroneous."  See, e.g., Broadnax v. City of New Haven, 141 Fed. Appx. 18, 23 (2d Cir. 2005); Macquesten v. Gen. Contracting, Inc., 128 Fed. Appx. 782, 784 (2d Cir. 2005).

Here, the jury considered evidence of damages plaintiff suffered as a result of the actions of Sheriff Elrick.  The

1

defendants have tendered no fact or argument which suggests the jury's decision to award damages was unsupported by the evidence or otherwise seriously erroneous.  See Metromedia Co. v. Fugazy, 983 F.2d 350, 363 (2d Cir. 1992) (a court should not grant new trial motion where "the resolution of issues depended on assessment of the credibility of the witnesses").

Furthermore, in relevant part, the Court instructed the jury as follows: "It now is your duty to determine the amount of damages which the plaintiff is entitled to collect from Sheriff Elrick as a result of the violation of plaintiff's rights under Section 1983."  Charge to the Jury at 1 (emphasis added).  In addition, the Court explained the jury must find Sheriff Elrick "proximately caused" plaintiff's damages: "Proximate cause is shown when you can find by a preponderance of the evidence that the plaintiff's damages were either a direct result or a reasonable probable consequence of the defendant's conduct."  Charge to the Jury at 11.  The Court further instructed: "Damages which the plaintiff in this case may recover are those that will fairly and justly compensate [the plaintiff] for injuries he sustained as a direct result of Sheriff Elrick's violation of his First Amendment right to free expression."  Charge to the Jury at 12 (emphasis added).

The Court assumes the jury understood and followed these instructions, thereby making the defendants' suggestion that the

jury awarded damages arising from the actions of others with whom the plaintiff settled prior to the trial unpersuasive.

Likewise, in a suit under 42 U.S.C. § 1983, a jury may award punitive damages where it finds a defendant's conduct is motivated by evil intent or when it involves reckless or callous indifference to the plaintiff's federally protected rights.  See, e.g., Mathie v. Fries, 121 F.3d 808, 815 (2d Cir. 1997).  Such an award should not be disturbed unless the amount "shocks the judicial conscience."  Id. at 817.

Here, the Court instructed the jury it was within its discretion to consider the evidence and determine whether it should award punitive damages.  See Charge to the Jury at 15 ("You may also, but are not required to, award the plaintiff punitive damages . . .").  The evidence presented at trial is sufficient to support the jury's determination that the defendant acted with callous indifference or disregard of the plaintiff's rights, and therefore, its award of punitive damages must likewise stand.  Lastly, an award of $1.00 hardly rises to the level of "shocking."

For these reasons, the defendant also is not entitled to remittitur.  When deciding a motion for remittitur, the court determines whether the jury's verdict is within the confines set by applicable law.  See Patterson v. Balsamico, 440 F.3d 104, 119-20 (2d Cir. 2006).  The jury found the defendant deliberately

disregarded and violated the plaintiff's constitutional rights for a substantial period of time.  The testimony at trial supports a conclusion that the defendant's actions caused the plaintiff real harm, including emotional distress and impairment of reputation, as well as the denial of his free speech rights. As discussed, the accompanying punitive damages award is not unreasonable.  Again, the Court specifically instructed the jury to compensate the plaintiff "for injuries he sustained as a direct result of Sheriff Elrick's violation of his First Amendment right to free speech."  Charge to the Jury at 12.  In light of that clear instruction and the evidence at trial, the defendant failed to establish that the jury's verdict constitutes a "double recovery" or otherwise represents the imposition of damages actually caused by another who settled prior to trial. See Martinez v. Port Authority of NY, 445 F.3d 158, 161 (2d Cir. 2006).

    The Motion for Remittitur or in the alternative, for a New Trial, is DENIED.

    SO ORDERED.

    Dated at Brattleboro, Vermont, this 24th day of May, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge