```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

SCOTT HUMINSKI                    :
                                  :
     v.                           : CIVIL NO. 1:99CV160
                                  :
RUTLAND COUNTY SHERIFF'S DEPT.,   :
DEPUTY SHERIFF R.J. ELRICK        :
_____ :
```

<u>RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES</u>
(Paper 288)

This civil rights matter, brought pursuant to 42 U.S.C. § 1983, has been the subject of numerous decisions, familiarity with which is presumed. <u>See</u>, <u>e.g.</u>, <u>Huminski v. Corsones</u>, 396 F.3d 53 (2d Cir. 2005); <u>Huminski v. Rutland City Police Dep't</u>, 221 F.3d 357 (2d Cir. 2000); <u>Huminiski v. Rutland County Sheriff's Dep't</u>, 211 F. Supp. 2d 520 (D. Vt. 2002); <u>Huminski v. Rutland County</u>, 148 F. Supp. 2d 373 (D. Vt. 2001); <u>Huminski v. Rutland County</u>, 134 F. Supp. 2d 362 (D. Vt. 2001).

The plaintiff has requested an award of over one million dollars in attorney's fees, costs and expenses under 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d). <u>See</u>, <u>e.g.</u>, Plaintiff's Motion for Attorney's Fees and Costs (Paper 288) at 32. Under § 1988(b), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Mr. Huminski is a "prevailing party" in that he has secured "actual relief on the merits of his claim" and has "materially alter[ed] the legal relationship between the parties

1

by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

The party seeking an award has the burden of demonstrating the reasonableness of his fee request. See Blum v. Stenson, 465 U.S. 886, 897 (1984). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); accord Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). Commonly referred to as the "lodestar," this figure provides a presumptively reasonable fee under § 1988. See City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

The lodestar ordinarily is calculated using "the prevailing market rates in the relevant community." Blum, 465 U.S. at 888. "When the district court is presented with a fee application for representation in that court, the relevant community for calculation of the hourly rate component of the lodestar is usually the forum district." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 369 F.3d 91, 96 (2d Cir. 2004); accord U.S. ex rel. Poulton v. Anesthesia Assocs. of Burlington, Inc., 87 F. Supp. 2d 351, 356 (D. Vt. 2000). Under § 1988, the Court must, "in addition to taking judicial notice of rates awarded in prior cases, consider any evidence the parties

wish to present and determine the prevailing rate within the relevant community for attorneys of comparable skill and experience performing work on comparable cases." Patterson v. Balsamico, 440 F.3d 104, 124 (2d Cir. 2006).  Most courts stray from this "forum district" presumption of the "relevant community" "only in the rare case where the 'special expertise' of non-local counsel was essential to the case [or] it was clearly shown that local counsel was unwilling to take the case, or other special circumstances existed."  Arbor Hill, 369 F.3d at 96 (citations omitted).

When computing this lodestar figure, the Court may also award the plaintiff for time reasonably spent preparing the application for attorney's fees.  See Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999).  The court should exclude all hours not "reasonably expended," including any incurred as a result of case overstaffing or the expenditure of excessive, redundant or unnecessary efforts.  See Hensley, 461 U.S. at 434.

Computation of a lodestar figure, however, provides only a starting point; a court may adjust the lodestar fee upward or downward based on the "results obtained."  See id. at 434.  For the purpose of awarding fees, plaintiff's claims should not be analyzed in isolation; "[i]nstead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the

litigation." Id. at 435.  In sum, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id.

After numerous filings and several appeals and a jury trial, the plaintiff has obtained substantial success on many of his claims.  See Defendants' Opposition (Paper 305) at 10.  Accordingly, there appears to be no genuine dispute on the extent of plaintiff's success on the issues; the most substantial disputes involve the number of attorney hours reasonably expended and the rate at which those hours should be compensated. Cf. Green v. Torres, 361 F.3d 96, 100 (2d Cir. 2004) (where appropriate, the district court may consider withdrawn claims to reflect plaintiff's partial success); Murphy v. Lynn, 118 F.3d 938, 952-53 (2d Cir. 1997) (plaintiff is entitled to collect fees incurred on appeal).

The plaintiff claims he was unable to locate any attorney in Vermont who was sufficiently skilled in First Amendment law and was willing to represent him in a matter involving state judicial and law enforcement defendants; therefore, his attorneys are entitled to a fee award based upon the prevailing rates in his attorneys' home state instead of those which prevail in Vermont.  The plaintiff has not "clearly shown" the unwillingness of local counsel to represent him.  The Court does not find there are no Vermont attorneys who were both sufficiently and

4

relevantly skilled and willing to take his case.  In fact, defendants' expert has highlighted several formerly and currently practicing Vermont attorneys who are similarly as competent and experienced as plaintiff's current counsel.  See Expert Report of Robert B. Hemley (appended to Paper 305) at 7 ("Geography does not play a part in competence.  Many Vermont counsel have experience in First Amendment, civil rights, and Constitutional law cases.").

Virtually the only proof plaintiff has tendered is evidence of his unsuccessful attempt to enlist the representation of the Vermont Civil Liberties Union, hardly a comprehensive search for local counsel.  Furthermore, it appears the plaintiff was unable to procure Vermont counsel for other, civil matters he previously was involved with in the Vermont courts, and therefore assumed "it was unlikely any Vermont lawyer would want to take on [his] case."  Declaration of Scott Huminiski (appended to Paper 289) at para 3.

Accordingly, the Court will base its lodestar calculation on rates applicable to attorneys of similar skill and experience in Vermont.  Recently, Chief Judge Sessions has determined "the hourly rate of $225 per hour for attorneys and $160 for associates is suitable to both Vermont standards and [to cases of comparable] complexity . . . ."  Anesthesia Assocs., 87 F. Supp. 2d at 356-57.  The Court finds these rates applicable and

appropriate in this case.  See Farbotko v. Clinton County of N.Y., 433 F.3d 204, 205 (2d Cir. 2005) ("[W]hen presented with evidence of a divergence between the rate used in prior case law and the prevailing market rate[, the court] is required to make findings of fact as to the prevailing rate and apply it in its award calculation"); see also Report of Robert B. Hemley at para. 8 (noting, for comparison purposes, that for the period within which plaintiff's lead counsel seeks an award at a base rate of $460 per hour, two former defense attorneys in this case, current Second Circuit Judge Hall, and current Vermont Supreme Court Chief Justice Reiber, billed at $175 and $195 per hour respectively).  In addition, the Court finds the rate of $85 per hour reasonable compensation for claimed paralegal services. See U.S. Football League v. Nat'l Football League, 887 F.2d 408, 416 (2d Cir. 1989) ("Given the Supreme Court's endorsement of billing at market rates, we hold that the hourly market rate for paralegal services in New York City is includable in the attorney's fees award in this case.").

    Based upon the foregoing, the Court computes the lodestar figure as follows: (1) Attorney Corn-Revere, $268,211.25 (1192.05 hours at $225 per hour); (2) Attorney London, $166,698 (926.1 hours at $180 per hour); (3) Attorney Husbands, $22,784 (142.4 hours at $160 per hour); (4) Attorney Pendleton, $2,624 (16.4 hours at $160 per hour); (5) Attorney McGill, $6,680 (41.75 hours

at $160 per hour); (6) Attorney Leader, $14,800 (92.5 hours at $160 per hour); (7) Attorney Kraham, $10,534.40 (65.84 hours at $160 per hour); (8) Attorney Friedman, $4,106.25 (18.25 hours at $225 per hour); (9) Paralegal Shapiro, $3,910 (46 hours at $85 per hour). The total lodestar figure is $500,347.90.

Upon additional review of the record and the parties' submissions, the Court finds this lodestar figure represents fair and reasonable compensation for success on plaintiff's claims. Further upward or downward enhancement related to "exceptional" factors is unnecessary. See, e.g., Arbor Hill, 369 F.3d at 97 (a court should deviate from the lodestar only if exceptional circumstances justify it). However, both parties recognize any attorney's fee award in this case must be offset by $150,000 in fees the plaintiff has already received in settlement of claims against Defendant Predom. See Paper 303 at 14-15 ($150,000 for attorney's fees received as part of Predom settlement); accord Paper 310 at 14 (plaintiff's chart incorporating "After Offset for Previous Settlement" figure of $150,000). Accounting for this offset figure, therefore, the total attorney's fees award is $350,347.90.

The defendants also object to the plaintiff's request for $75,764.75 in costs and expenses as excessive. See Paper 305 at 14; Paper 310 at 26. To the extent the defendants summarily state "[p]laintiff's claim for costs bears closer scrutiny,"

Paper 303 at 14, and then fails to identify any particular objections, their argument is not particularly helpful. See Blum, 465 U.S. at 897 (an applicant who carries his burden is entitled to a reasonable fee award).  Upon review of plaintiff's documentation, the Court finds the costs and expenses claimed, while seemingly high in the aggregate, can nevertheless be partially explained by the nature and length of this litigation, as well as the fact that plaintiff's primary attorneys are from Washington, D.C., requiring them to incur travel and related expenses.  The Court, therefore, will award the plaintiff the requested $75,764.75 in costs and expenses.

In conclusion, the Court awards the plaintiff $350,347.90 in attorney's fees and $75,764.75 in costs and expenses.

SO ORDERED.

Dated at Brattleboro, Vermont, this 21st day of August, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge