UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Scott Huminski                  :
       Plaintiff,          :
                           :
       v.                 :     File No. 1:99-CV-160
                           :
Rutland City Police      :
Department, Rutland County :
Sheriff's Department, Town  :
of Rutland, Unnamed Members :
of the Rutland County     :
Sheriff's Department,      :
Unnamed Rutland Police    :
Officer, State of Vermont,  :
Nancy Corsones, Karen     :
Predom, Vermont State      :
Police, Unnamed Vermont    :
State Police Officer,      :
Rutland District Court,   :
R.J. Elrick, S. Schutt,   :
Robert Emerick, M. Patricia :
Zimmerman, Bennington     :
County Sheriff's         :
Department, Gary Forrest,  :
City of Rutland,        :
Rutland County,         :
       Defendants.       :

OPINION AND ORDER
(Papers 325, 326, 332, 341, 342, 344 and 350)

Pending before the Court are a series of motions,

including plaintiff Scott Huminski's *pro se* motion for relief

from judgment pursuant to Fed. R. Civ. P. 60(b)(4).  This case

was commenced in June 1999, and has been closed for

approximately three years.  Huminski now argues that due to an

alleged threat by prosecutors in a 1997 state court filing, he

has been denied access to the Court in violation of his First

Amendment rights, and that the judgment entered in this case

is therefore void.  Huminski has also filed a motion for recusal and a motion to vacate a Settlement Agreement entered into with one of the defendants in 2005.

Also pending before the Court is a motion from a third party, Joseph Zernik, complaining about the Court's use of electronic notices.  For the reasons set forth below, Huminski's and Zernik's motions are DENIED.

## Factual Background

Huminski initiated this case in 1999, alleging First Amendment violations by various state actors, including two state court judges.  The judges were subsequently dismissed from the case, but in Huminski v. Corsones, 396 F.3d 53 (2d Cir. 2005), it was later determined that certain trespass orders had violated Huminski's constitutional rights, and the case was remanded to this Court for further proceedings.

In December 2005, Huminski entered into a Settlement Agreement with defendant Karen Predom, and Predom was dismissed from the case with prejudice.  (Papers 247, 329-1). Other claims went to trial, and a final judgment was entered on November 6, 2006.  (Paper 321).  The parties cross-appealed, but the appeals were withdrawn with prejudice and the case was closed in January 2007.

Huminski now argues he was unable to properly engage in civil litigation by virtue of a "threat" set forth in a court

filing by a Deputy States Attorney on September 30, 1997.

(Paper 326-2).   The filing was made in Huminski's criminal

case, and was in response to a motion to dismiss.   The passage

in question states:

> The last claim involves a statement made to
> [Huminski's] attorney Capriola warning that the
> defendant would be charged with additional crimes if
> he did not calm down.  The statement is a reference
> to the defendant's continued harassment of the
> victim and the investigating officer in this case
> through the court process.  The defendant has filed
> a civil action against the victim because of his
> participation in this criminal case.  The State is
> currently reviewing a contempt charge against the
> defendant because of this activity.  The statement
> was a proper warning made through defendant's
> representative.

Id. Huminski argues that the threat of criminal charges set

forth in this passage effectively barred him from litigating

his claims in this Court, thereby violating his First

Amendment and due process rights.

Huminski also cites a 1999 Vermont Superior Court ruling

on the State's motion to vacate his plea agreement.   (Paper

326 at 1 (citing State v. Huminski, 167-1-99 WmCr)).   In that

decision, the state court questioned the enforceability of a

side agreement to the plea, in which Huminski had agreed to

dismiss certain civil actions.  As described by Huminski's

counsel, the idea for the side agreement came from the defense

in an effort to "return the situation to a level-playing

field."

3

> [W]hat we're contemplating is that Mr. Huminski will
> dismiss certain civil actions that he has pending
> against the victim in this case . . . .
>
> [F]irst of all, the suggestion for this did not come
> from the State, it came from me.  If it had come
> from the State, I think it would have different
> ethical obligations.  What I have tried to do is
> return the situation to a level-playing field and a
> level of dissipating energies rather than
> concentrating them. . . .
>
> And so the specific agreement would be my client
> would forthwith move to dismiss three lawsuits
> without prejudice . . . . [T]he contemplated
> situation is that if the State were to break its
> agreement and bring a charge in the future for
> anything that they know now to him, he could
> reinstate his civil suits.  If he reinstates the
> civil suits without – the State then is free to come
> back to court and bring any charges it feels are
> appropriate.

(Paper 326-1 at 5).  Huminski contends that the state court's

comments about the validity of the side agreement suggest

"other corrupt behavior" on the part of prosecutors.  (Paper

193 at 5).

The Change of Plea occurred on March 19, 1998.  Huminski

began the instant case over one year later.

## Discussion

### I.   Motion For Rule 60(b)(4) Relief

"Rule 60(b) allows a party to seek relief from a final

judgment, and request reopening of his case, under a limited

set of circumstances . . . ."  Gonzalez v. Crosby, 545 U.S.

524, 528 (2005).  Under Rule 60(b)(4), those circumstances are

present when the underlying judgment is void.  Fed. R. Civ. P.

60(b)(4).  A judgment is void "only if the court that rendered

it lacked jurisdiction of the subject matter, or of the

parties, or if it acted in a manner inconsistent with due

process of law."  Grace v. Bank Leumi Trust Co. of New York,

443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks and

citations omitted); see also Kalb v. Feuerstein, 308 U.S. 433,

438 (1939) (a judgment is void only if it is totally beyond a

court's power to render); United States v. Berenguer, 821 F.2d

19, 22 (1st Cir. 1987) (the concept of void judgments is

narrowly construed).

 Here, Huminski does not claim that the Court lacked

jurisdiction to hear his claims.  Nor does he cite anything in

the course of this litigation to support a claim that the

Court failed to furnish him with due process.  Instead,

Huminski claims that he was deterred by threats from Vermont

prosecutors.

 The case law clearly requires that *the Court*, and not the

parties, act in a manner that is inconsistent with due

process.  Grace, 443 F.3d at 193.  Huminski makes no such

claim, and has offered no legal citations to the contrary.

Moreover, his claim is curious given that each of the alleged

threats of prosecution in the event of a civil filing occurred

before he filed this lawsuit.  Even assuming, however, that

such threats had an impact on his ability to litigate this

case, Huminski has failed to carry his burden under Rule 60(b)(4). The motion for Rule 60(b)(4) relief (Paper 326) is therefore DENIED.

## II. Motion For Recusal

Huminski has also asked the Court to recuse itself, claiming that its rulings have "actively endorsed" and "ignored" the threat of prosecution by the Deputy State's Attorney in 1997. He also alleges that, in a recent ruling, the Court cited only part of the Deputy State's Attorney's filing, thereby "downplay[ing] the serious nature of the written threat . . . ." (Paper 341 at 1). The portion cited by the Court referenced the fact that Huminski had filed a civil action against his victim, and that the prosecution was considering a contempt charge. Id. at 2.

The scope of a recusal inquiry "is commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994); LoCascio v.

United States, 473 F.3d 493, 495-96 (2d Cir. 2007).  As a
result, "[j]udicial rulings alone almost never constitute a
valid basis for a bias or partiality motion."  Liteky, 510
U.S. at 555.

Huminski contends that the Court has declined to
acknowledge the threats made by prosecutors, as allegedly
demonstrated in a recent ruling denying him Rule 60(b)(4)
relief.  See Huminski v. Town of Bennington, File No. 1:98-CV-
17 (Paper 191).  He argues, in conclusory fashion, that the
Court's ruling shows either a conflict, a "cognitive
disability" or a "character disorder."  (Paper 341 at 2).

Huminski's allegations of "improper motive" or disability
do not support recusal, as they arise solely out of rulings by
the Court.  His "[s]peculative and conclusory allegations of
bias and prejudice," stated as a character disorder, also "do
not warrant recusal . . . ."  Wiesshaus v. New York, 2009 WL
4823932, at *5 (S.D.N.Y. Dec. 15, 2009); see United States v.
Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) (court need not
credit speculative and conclusory allegations).  Furthermore,
nothing in the Court's rulings show either favoritism or
antagonism.  The motion for recusal (Paper 341) is therefore
DENIED.

III.  Motion To Vacate Settlement

Huminski next moves to vacate any "settlements,

negotiations, discussions and all other acts ancillary or collateral to this litigation." (Paper 342 at 1). Again, he cites the filings by the Deputy State's Attorney in 1997, and claims that all settlements and other "acts" arising out of this case have been "subject to the above threat." Id. at 1-2. "Any settlement discussions or settlement agreements were undertaken with the above threat against Huminski pending subjecting him to arrest for engaging in settlement discussions or agreements which are acts [sic] part of this litigation and acts furthering this litigation therefore forbidden by the State threat and State policy." Id. at 2.

When Huminski entered into his settlement agreement in this case, he was represented by able counsel from Washington, D.C. There is no allegation that any party to the settlement agreement has violated a term thereof, or that any of the discussions leading to settlement have been used inappropriately. Indeed, Huminski does not cite any valid basis for vacating the agreement, and the motion to vacate (Paper 342) is DENIED.

IV. <u>Zernik Motion</u>

Non-party Joseph Zernik, a California resident, has filed an *ex parte* application for leave to challenge the Court's use of electronic notifications and filings. Zernik does not cite any rule or statute that would entitle him to intervene in

8

this case.  See, e.g., Fed. R. Civ. P. 24.  Both the plaintiff
and the defendants oppose the application.  The application
(Paper 344) is therefore DENIED.

V.   Motion To Consolidate

Huminski has moved to consolidate this case with the
above-mentioned Huminski v. Town of Bennington.  The
underlying facts and questions of law in the two cases are
distinct.  The only commonality between the two is that
Huminski is the plaintiff, and that he is asking for relief
from judgment on similar grounds in both cases.

Consolidation is a matter of court discretion.  In re
Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 292 (E.D.N.Y.
1998).  The Town of Bennington action began in 1997 with an
81-page state court complaint brought against over 15
defendants.  The substance of the action arose out of the
investigation, arrest and prosecution of Huminski on two
obstruction of justice charges.  In contrast, the instant case
was commenced in federal court and concerned notices of
trespass issued in 1999.  The two cases, therefore, arose out
of very different factual circumstances.  Moreover, the cases
will remain closed because Huminski's Rule 60(b)(4) motions
are without merit.  The motion to consolidate (Paper 325) is
DENIED.

<u>Conclusion</u>

For the reasons set forth above, Huminski's motion to consolidate (Paper 325), motion for First Amendment Rule 60(b)(4) relief (Paper 326), motion for recusal (Paper 341), and motion to vacate "Settlements, Negotiations, Discussions and All Other Acts Ancillary or Collateral to this Litigation" (Paper 342) are DENIED.  Huminski's motion for limited discovery (Paper 350) is DENIED as moot.  Joseph Zernik's *ex parte* filing (Paper 344) is DENIED, and defendant Rutland County's motion for extension of time (Paper 332) is GRANTED *nunc pro tunc*.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of February, 2010.


/s/ J. Garvan Murtha
J. Garvan Murtha
Senior United States District Judge

10